1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DERIK DULEY, | Case No. 2:19-cv-08754-AB-JC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS THIRD AMENDED COMPLAINT [DKT. NO. 28]** |
| v. | |
| CENTERRA GROUP, LLC; and DOES 1–100, | |
| Defendants. | |

### I.  INTRODUCTION

Before the Court is Defendant Centerra Group, LLC's ("Defendant") partial motion to dismiss Plaintiff Derik Duley's ("Plaintiff") Third Amended Complaint. (Dkt. No. 28.) Plaintiff opposes Defendant's motion. (Dkt. No. 30.) The Court found this matter suitable for decision without oral argument and took Defendant's motion under submission. (Dkt. No. 37.) For the reasons stated below, the Court **GRANTS in part** and **DENIES in part** Defendant's partial motion to dismiss. Any amended complaint shall be filed within fourteen (14) days of the date of issuance of this order

### II. BACKGROUND

This case concerns alleged California Labor Code violations experienced by

1.

1    Plaintiff during his employment with Defendant.[1]

2          Plaintiff alleges that he was employed by Defendant as a non-exempt or hourly-

3    paid employee for approximately five-and-a-half years until Defendant discharged

4    him in October 2018. (Dkt. No. 27 "TAC" ¶ 10.) Plaintiff alleges that during his

5    employment with Defendant, Defendant required him and other employees to arrive at

6    work ten minutes prior to clocking in to put on their equipment. (*Id*. ¶¶ 25–28.)

7    Plaintiff further alleges that Defendant required Plaintiff and other employees to fill

8    out their time cards while not on the clock, and that Defendant required Plaintiff and

9    other employees to stay on site until the next employee arrived to begin their shift. (*Id*.

10   ¶ 47.) Additionally, Plaintiff alleges that Defendant maintained a policy of requiring

11   employees to remain on-call during their meal and rest periods, and that Defendant

12   implemented this policy by requiring employees to carry and respond to radios at all

13   times. (*Id*. ¶¶ 15–19.)

14         Based on these alleged actions by Defendant, Plaintiff states that he will seek to

15   certify the following class: "All current and former hourly-paid or non-exempt

16   California based employees employed by Defendants within the State of California at

17   any time during the period from September 9, 2015 to final judgment." (*Id*. ¶ 42.)

18   Plaintiff seeks to recover under the following causes of action: (1) violation of

19   California Labor Code § 1198 (failure to pay overtime pay), (2) violation of California

20   Labor Code § 226.7 (failure to pay meal period premiums), (3) violation of California

21   Labor Code § 226.7 (failure to pay rest period premiums), (4) violation of California

22   Labor Code §§ 1194, 1197, 1197.1 (failure to pay minimum wages), (5) violation of

23   California Labor Code §§ 201, 202 (failure to timely pay earned wages), (6) violation

24   of California Labor Code § 226(a) (failure to provide accurate wage statements), (7)

25   violation of California Business & Professions Code § 17200, *et seq*. (unlawful

26

27   ───────────────

28   [1] As the parties are familiar with the factual allegations at issue, the Court includes only a brief summary.

2.

1   business practices), (8) violation of California Labor Code § 2698, *et seq*. (Private

2   Attorneys General Act of 2004 or "PAGA"). Defendant moves to dismiss Plaintiff's

3   fifth, sixth, seventh, and eighth causes of action for failure to state a claim upon which

4   relief can be granted. (Dkt. No. 28.)

5       **III.   LEGAL STANDARD**

6           Federal Rule of Civil Procedure 8 requires a plaintiff to present a "short and

7   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

8   P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for

9   "failure to state a claim upon which relief can be granted."

10          To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide

11  enough factual detail to "give the defendant fair notice of what the . . . claim is and the

12  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

13  The complaint must also be "plausible on its face," allowing the Court to "draw the

14  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

15  *v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's "factual allegations must be enough

16  to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The

17  plausibility standard is not akin to a 'probability requirement,' but it asks for more

18  than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels,

19  conclusions, and "a formulaic recitation of the elements of a cause of action will not

20  do." *Twombly*, 550 U.S. at 555.

21          When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the

22  factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94

23  (2007). But a court is "not bound to accept as true a legal conclusion couched as a

24  factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

25  //

26  //

27  //

28

## IV.   DISCUSSION

### a. Plaintiff's fifth cause of action states a claim upon which relief can be granted.

First, with respect to Plaintiff's fifth cause of action for failure to pay timely wages upon termination, under California Labor Code section 201(a), "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." *See* Cal. Labor Code § 201(a). Under Section 202(a), however, "[i]f an employee . . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter…" *See* Cal. Labor Code § 202(a). Section 203(a) provides that if an employer willfully fails to pay timely wages in accordance with Sections 201 or 202, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *See* Cal. Labor Code § 203(a). "Willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due." *See* Cal. Code Regs. Title 8, § 13520. "Courts have found that an allegation of deliberately implementing a policy 'of not paying owed wages' is sufficient to satisfy the willful requirement of [Section] 203." *See Varsam v. Lab Corp. of Am.*, 120 F. Supp. 3d 1173, 1179 (S.D. Cal. 2015) (citations omitted).

Here, Defendant challenges Plaintiff's fifth cause of action on the grounds that (1) Plaintiff fails to allege sufficient facts to show willful failure to timely pay all wages due, and (2) payments for missed or non-compliant meal and rest breaks do not constitute "wages earned" within the meaning of Section 201. (*See* Dkt. No. 28 at viii, 4–11.) However, "Plaintiff has sufficiently [pleaded] that [Defendant] failed to pay wages by alleging that [Defendant] deliberately implemented a companywide policy of not paying overtime[.] [*See* TAC ¶47]. Plaintiff has also alleged that he and some of the Putative Class members were discharged or quit . . . and have failed to receive

4.

the overtime wages due to them. [*See id.* ¶¶ 48, 88]. These allegations are more than adequate to put Defendant on notice of Plaintiff's claim[.]" *See Yuckming Chiu v. Citrix Sys., Inc.*, No. SA CV 11-1121 DOC (RNBx), 2011 WL 6018278, at *5 (C.D. Cal. Nov. 23, 2011). Moreover, the weight of district court and California state court authority clearly holds that "the premium payments due under [California Labor Code § 226.6] are to be considered 'wages' for purposes of [Section] 203…." *See Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587 YGR, 2015 WL 5072039, at *18–*19 (N.D. Cal. Aug. 27, 2015) (collecting cases).

Because Plaintiff has alleged sufficient facts to show willful failure to timely pay all wages due at termination, and payments for missed or non-compliant meal or rest breaks may constitutes wages earned within the meaning of California Labor Code Sections 201, 203, the Court **DENIES** Defendant's motion to dismiss Plaintiff's fifth cause of action.

### b. Plaintiff's sixth cause of action fails to state a claim upon which relief can be granted

Second, with respect to Plaintiff's sixth cause of action, "[t]o state a claim for failure to provide accurate itemized wage statements, [Plaintiff] must show that (1) [Defendant] failed to provide compliant wage statements under California Labor Code § 226(a), (2) [Defendant's] failure to do so was 'knowing and intentional,' and (3) [Plaintiff] w[as] injured as a result." *See Magadia v. Wal-Mart Associates, Inc.*, 384 F. Supp. 3d 1058, 1080 (N.D. Cal. 2019) (citing California Labor Code § 226). To show that Defendant's failure to provide accurate itemized wage statements was knowing and intentional, "[Plaintiff] must demonstrate that the defendant knew that facts existed that brought its actions or omissions within the provisions of [California Labor Code § 226(a)]." *See Garnett v. ADT LLC*, 139 F. Supp. 3d 1121, 1133 (E.D. Cal 2015) (citing *Wilner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1131 (N.D. Cal. 2014)). Moreover, "an employee is deemed to suffer injury . . . if the employer fails to provide accurate and complete information as required by . . . subdivision (a) and the

employee cannot promptly and easily determine from the wage statement alone the information required to be provided pursuant to section 226(a)." *Id.* at 1131 (internal quotation marks omitted). However, a claim under Section 226 cannot be "based on the same theories as . . . claims for unpaid wages and missed breaks[.]" *See Parsittie v. Schneider Logistics, Inc*., 2020 WL 2120003, at *8 (C.D. Cal. April 3, 2020).

Here, Plaintiff alleges that "the wage statement pertaining to Plaintiff's July 23, 2018 workweek failed to include the total number of hours worked off-the-clock . . . and the applicable hourly rate for those hours." (TAC ¶ 95). Plaintiff further alleges that Defendant knew that Plaintiff and other putative class members performed work prior to clocking in, and that Defendant did nothing to ensure that this time worked was accurately reported on wage statements. (*Id.*) In making these allegations, however, Plaintiff premises his wage statement claim "on the same theories as his claims for unpaid wages and missed breaks, which is impermissible." *See Parsittie*, 2020 WL 2120003, at *8; *see also Maldonado v. Epsilon Plastics, Inc*., 232 Cal. Rptr. 3d 461, 481 (Ct. App. 2018) (finding unavailing "plaintiffs' counterargument . . . that *any* failure to pay overtime at the appropriate rate *also* generates a wage statement injury justifying the imposition of wage statement penalties") (emphases in original).

Because Plaintiff premises his claim for failure to provide accurate and itemized wage statements on the same theories as his claims for unpaid wages and break premiums, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's sixth cause of action. Although Defendant contends that Plaintiff's sixth cause of action should be dismissed with prejudice, the record does not demonstrate that any amendment would be futile.

### c. Plaintiff's seventh cause of action states a claim upon which relief can be granted

Third, with respect to Plaintiff's seventh cause of action, California's UCL defines "unfair competition" to include "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. § 17200. "Its coverage is sweeping, embracing

6.

anything that can properly be called a business practice and that at the same time is forbidden by law." *See Roskind v. Morgan Stanley Dean Witter & Co*., 95 Cal. Rptr. 2d 258, 261 (Ct. App. 2000) (internal quotation marks omitted). Defendant contends that Plaintiff's UCL claim must be dismissed because (1) Plaintiff has not sufficiently alleged a predicate violation in support of his UCL claim, and (2) Plaintiff's meal and rest period premiums are not considered restitution and are therefore unrecoverable under the UCL. However, as noted above, Plaintiff has sufficiently alleged his fifth cause of action for failure to timely pay earned wages at termination, and thus has sufficiently alleged a predicate violation of support of his UCL claim. Moreover, as Plaintiff correctly argues in opposition, "meal and rest period premiums should be considered restitution and therefore are recoverable under the UCL." *See Fitchett v. McLane Company, Inc*., No. EDCV 19-23 PSG (SHKx), 2019 WL 4308779, at *3 (C.D. Cal. June 7, 2019) (citing *Dawson v. Hitco Carbon Composites, Inc.,* No. CV 16-7337 PSG FFMx, 2017 WL 7806561, at *8–*9 (C.D. Cal. Aug. 3, 2017)).

Because Plaintiff has sufficiently alleged a predicate violation in support of his UCL claim, and meal and rest period premiums are recoverable under the UCL as restitution, the Court **DENIES** Defendant's motion to dismiss Plaintiff's seventh cause of action.

### d.  Plaintiff's predicate Section 204 and Section 1174 violations are inadequately pleaded

Fourth, with respect to Plaintiff's eighth cause of action, Defendant moves to dismiss Plaintiff's PAGA claim on the grounds that (1) it is derivative of Plaintiff's fifth and sixth causes of action, which Defendant contends are inadequately pleaded, (2) Plaintiff's PAGA claim fails to the extent it is predicated on violations of California Labor Code § 204, and (3) Plaintiff's PAGA claim fails to the extent it is predicated on violations of California Labor Code § 1174. (Dkt. No. 28 at 21–23.) However, as noted above, Plaintiff has sufficiently alleged his fifth cause of action for failure to timely pay earned wages at termination, and this cause of action may thus

7.

serve as a predicate violation for Plaintiff's PAGA claim.

With respect to Plaintiff's alleged predicate violation of California Labor Code § 204, Defendant correctly argues that "there are no plausible allegations in the TAC that Defendant failed to pay wages in compliance with the timing requirements set forth in section 204; instead [Plaintiff's] allegations appear to be that certain wages were not paid at all." *See Sanders v. Old Dominion Freight Line, Inc.*, CV 18-688 DSF (SHKx), 2018 WL 6321631, at *4 (C.D. Cal. Sept. 13, 2018). Additionally, with respect to Plaintiff's alleged predicate violation of California Labor Code § 1174, Defendant is similarly correct to argue that Plaintiff's allegations that "Defendants do not keep complete and accurate payroll records" merely mimic the statutory language of Section 1174, and do not contain sufficient allegations to plausibly state a claim. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's eighth cause of action only to the extent it is predicated on a violation of Section 204 or Section 1174. Defendant's motion to dismiss Plaintiff's eighth cause of action is otherwise **DENIED**.

### e. Plaintiff's request for declaratory relief is proper

Finally, Defendant moves to dismiss Plaintiff's request for declaratory relief on the ground that Plaintiff seeks to redress past injury only. However, Plaintiff here seeks to assert class action claims on behalf of both former and current employees of Defendant. Because "[Plaintiff] as [a] former employee[] ha[s] sufficient standing to represent current employees in requesting injunctive and declaratory relief," *see Church v. Consolidated Freightways, Inc.*, 1991 WL 284083, at *15, Defendant errs in arguing that Plaintiff seeks to redress past injury only. Defendant's motion to dismiss Plaintiff's request for declaratory relief is accordingly **DENIED**.

## V. CONCLSUION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Defendant's partial motion to dismiss. In particular, the Court **DENIES** Defendant's motion to dismiss Plaintiff's fifth cause of action, seventh cause of action, and request

8.

for declaratory relief. The Court **GRANTS** Defendant's motion to dismiss Plaintiff's sixth cause of action. Finally, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's predicate Section 204 and Section 1174 claims; Defendant's motion to dismiss Plaintiff's eighth cause of action is otherwise **DENIED**. Any amended complaint shall be filed within fourteen (14) days of the date of issuance of this order.

**IT IS SO ORDERED.**

Dated: June 18, 2020 _____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

9.